IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
DEC 1 2 2003
J T NOBLIN, CLERK
BY_____ DEPUTY

DONALD E. HARRIS                                                    PLAINTIFF

VS.                                         CAUSE NO. 2:03cv604PRc

FORREST COUNTY, MISSISSIPPI; FORREST
COUNTY SHERIFF WILLIAM ROBERT McGEE,
INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY
AS SHERIFF OF FORREST COUNTY, MISSISSIPPI;
HARRISON COUNTY, MISSISSIPPI; HARRISON
COUNTY SHERIFF, GEORGE PAYNE, INDIVIDUALLY,
AND IN HIS OFFICIAL CAPACITY AS SHERIFF
OF HARRISON COUNTY, MISSISSIPPI; AND JOHN
DOES ONE, TWO, AND THREE, INDIVIDUALLY AND
IN THEIR OFFICIAL CAPACITIES AS DEPUTY
SHERIFFS AND/OR JAILORS OF FORREST COUNTY
AND/OR HARRISON COUNTY, MISSISSIPPI                DEFENDANTS

COMPLAINT
JURY TRIAL REQUESTED

COMES NOW the Plaintiff, Donald E. Harris, by and through his attorneys, and for cause of action against the above named Defendants, would state as follows:

1. Donald E. Harris is an adult resident citizen of Forrest County, Mississippi.

2. Defendant Forrest County, Mississippi, is a political subdivision of the State of Mississippi which may be served with process through Lynn Cartlidge, the President of the Board of Supervisors, 641 Main Street, Hattiesburg, Mississippi 39401. Defendant Forrest County operates and maintains a law enforcement agency known as the Forrest County Sheriff's Department. At all times pertinent to this cause of action, said Defendant acted under color of law.

3. Defendant Sheriff William Robert McGee (hereinafter "Defendant Sheriff McGee") is an adult resident citizen of Forrest County, Mississippi, who can be served with process at the Forrest County Sheriff's Department, 316 Forrest Street, Hattiesburg, Mississippi 39401. At all

times material hereto, Defendant Sheriff McGee was the Sheriff of Forrest County. As the Sheriff of Forrest County, Defendant Sheriff McGee was at all times material hereto under a duty to run its policing activities in a lawful manner so as to preserve the peace of Forrest County and to preserve to all citizens the rights, privileges and immunities guaranteed and secured to them by the Constitution of the United States and its laws. At all pertinent times, Defendant Sheriff McGee was acting by virtues of his position as Sheriff of the Forrest County Sheriff's Department and acting under the color of law. Defendant Sheriff McGee is sued individually and in his official capacity as the Sheriff of Forrest County.

4.      Defendant Harrison County, Mississippi, is a political subdivision of the State of Mississippi which may be served with process through Marlin Ladner, the President of the Board of Supervisors, 1801 23rd Avenue, Gulfport, Mississippi 39501. Defendant Harrison County operates and maintains a law enforcement agency known as the Harrison County Sheriff's Department. At all times pertinent to this cause of action, said Defendant acted under color of law.

5.      Defendant Sheriff George Payne (hereinafter "Defendant Sheriff Payne") is an adult resident citizen of Harrison County, Mississippi who can be served with process at the Harrison County Sheriff's Department, 1801 23rd Avenue, Gulfport, Mississippi 39501. At all times material hereto, Defendant Sheriff Payne was the Sheriff of Harrison County. As the Sheriff of Harrison County, Defendant Sheriff Payne was at all times material hereto under a duty to run its policing activities in a lawful manner so as to preserve the peace of Harrison County and to preserve to all citizens the rights, privileges and immunities guaranteed and secured to them by the Constitution of the United States and its laws. At all pertinent times, Defendant Sheriff Payne was acting by virtues of his position as Sheriff of the Harrison County Sheriff's Department and acting under the color of

law.  Defendant Sheriff Payne is sued individually and in his official capacity as the Sheriff of Harrison County.

6. At all times material hereto, Defendants John Does One, Two, and Three, were duly appointed deputy sheriffs and/or jailors of the Forrest and/or Harrison County Sheriff's Department and as such were employed, supervised and controlled by the Forrest County and Harrison County Defendants.

7. Venue lies with this Court pursuant to 28 U.S.C. §1391, as some of the Defendants are residents of this district and some of the acts or omissions which give rise to this cause of action occurred within this district.  Jurisdiction lies with this Court pursuant to federal question jurisdiction, 28 U.S.C. §1331, 28 U.S.C. §1343 (1) (2) (3) (4), 42 U.S.C. §1983, §1988, the Fourth, Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States of America and under federal law, particularly the Civil Rights Acts stated above at 42 U.S.C.§ 1983.  The Defendants are now, and at all times pertinent to this action, duly employed, duly appointed and/or duly elected officials empowered to police Forrest County, Mississippi, and Harrison County, Mississippi.

8. This cause of action arose out of an incident which began on or about September 28, 2002, when Plaintiff Donald E. Harris (hereinafter "Plaintiff") was arrested in Forrest County on a felony DUI charge.  The Plaintiff remained in jail for approximately three (3) days before posting bond.  As he was being released from the Forrest County Jail, the jailor told him that the Harrison County Sheriff's Department had placed a hold on him for a shoplifting charge.  The Plaintiff was not released from the Forrest County Jail, and soon thereafter, a deputy from the Harrison County Sheriff's Department transported the Plaintiff from the Forrest County Jail to the Harrison County

Jail. Once at the Harrison County Jail, the Plaintiff was placed in the misdemeanor holding cell; however, within a few days, he was transferred to the felony holding cell. The Plaintiff repeatedly informed the authorities that they had the wrong person, and that he had never been in Harrison County, much less had anything to do with a shoplifting charge. The Plaintiff's mother, Helen Christine Harris, called both the Harrison County Jail and the Harrison County Sheriff's Department on almost a daily basis to inform them that they had the wrong person. However, she was unsuccessful. In fact, she even retrieved copies of the Plaintiff's pay stubs and mailed them to Harrison County to prove that the Plaintiff was working offshore at the time of the alleged incident. Despite this fact and that the detention letter that was faxed from the Harrison County Sheriff's Department to the Forrest County Jail listed Donald Harris with no middle initial, an incorrect social security number, an incorrect date of birth, and even listed him as a black male when he is in fact a white male, the Harrison County Sheriff's Department continued to detain Mr. Harris. The deputy from the Harrison County Sheriff's Department which transported Mr. Harris from Forrest County delivered a capias, or arrest warrant, that had the same information across the top. Finally, Rick Gaston from the Harrison County Sheriff's Department informed the Forrest County Jail on or about January 29, 2003, that the Forrest County Jail had detained the wrong person. As a result, the Plaintiff was wrongfully forced to remain in the Harrison County Jail from about October 1, 2002, to about January 29, 2003.

9.     The Defendants committed the aforementioned actions and/or omissions under the color of law; and by virtue of their authority as law enforcement officials of Defendants Forrest County Sheriff's Department and Harrison County Sheriff's Department, they substantially deprived the Plaintiff of the clearly established rights, privileges and immunities guaranteed to him by the

Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. The Defendants' actions were all in violation of 42 U.S.C. §1983 and §1988 including, but not limited to:

- (A) Freedom from unreasonable search and seizure of Plaintiff's person and property;

- (B) Freedom from deprivation of liberty and property without due process of law;

- (C) Freedom from arbitrary government actions which are so outrageous as to shock the conscience of a civilized society; and

- (D) Freedom of equal protection of the law.

10. The acts itemized and described herein above committed by the Defendants upon the Plaintiff constituted a civil conspiracy under Mississippi law, in as much as the Defendants, or a combination thereof, conspired to accomplish the unlawful purpose of depriving the Plaintiff of his Federal and State Civil Rights, and of committing certain prohibited State and Federal acts identified herein below, including but not limited to:

- (A) Negligence;

- (B) Gross negligence;

- (C) Negligent infliction of emotional distress;

- (D) Intentional infliction of emotional distress;

- (E) The actions of the Defendants were intentional and evince a reckless disregard for the safety of the Plaintiff, therefore the Defendants are liable for the actions of the remaining Defendants pursuant to *Miss. Code Ann.* §11-41-1 *et seq.*

 (F) Malicious prosecution;

 (G) Assault and battery of his person.

 (H) False imprisonment and arrest;

 (I) Defamation and slander;

 (J) Wrongful detention; and

 (K) Mistaken identity.

11. The Defendants' actions are the sole direct and proximate cause of the injuries and damages the Plaintiff suffered, which include the following:

 (A) The Plaintiff lost his job at Mid-South Construction Company in Columbia, Mississippi, where he was making approximately $8.50 an hour;

 (B) In December of 2002, Neighbors Offshore telephoned the Plaintiff's mother to offer him a high paying job offshore; however, due to his incarceration, he was not able to accept the same;

 (C) The Plaintiff's 1992 Ford F-150 truck was repossessed and sold due to his inability to make payments while he was wrongfully incarcerated;

 (D) The Plaintiff's credit was ruined as a result of this incident and he is currently unable to finance a new vehicle;

 (E) The Plaintiff was forced to spend approximately four months in jail for no reason;

 (F) The Plaintiff has suffered emotional trauma and mental shock;

 (G) Lost income;

 (H) Loss of use of his property;

    (I)  Expenses associated with the loss of his vehicle; and

    (J)  All such other damages that will be shown at the trial of this matter.

  12.  The acts itemized and described herein above and committed by the Defendants upon Plaintiff constituted an unconstitutional policy and/or custom of Defendant Forrest County and Defendant Harrison County inasmuch as Defendants Sheriff McGee and Sheriff Payne and/or Forrest County and Harrison County had actual or constructive knowledge of the same or similar conduct by Forrest and Harrison County Sheriff Department employees. Said Defendants' failure to act to prevent such misconduct permitted the same to become the policy and/or custom of Defendant Forrest County Sheriff's Department and Defendant Harrison County Sheriff's Department.

  13.  The failure of Defendants Sheriff McGee and Sheriff Payne and/or Forrest County and Harrison County to adequately train and/or supervise Forrest and Harrison County Sheriff's Department personnel derived from inadequate and constitutionally deficient hiring procedures. The misconduct of the Forrest and Harrison County Sheriff's Department personnel as set forth above was reasonably foreseeable by Defendants Sheriff McGee and Sheriff Payne and/or Forrest and Harrison County inasmuch as Defendants Sheriff McGee and Sheriff Payne and/or Forrest and Harrison County's employment policies were inadequate and constitutionally deficient.

  14.  The Defendants' conduct toward the Plaintiff was arbitrary and shocking to the conscience. Further, the Defendants' conduct was deliberately indifferent and displayed reckless disregard to the substantive due process liberty and property interests of the Plaintiff in violation of the rights secured to the Plaintiff under the Fourteenth Amendment of the United States Constitution and in violation of 42 U.S.C. §1983.

15.    The conduct of the Defendants was intentional, willful, wanton, reckless and so egregious and outrageous as to entitle the Plaintiff to an award of punitive damages.

16.    The Plaintiff is entitled to all relief granted by statute pursuant to 42 U.S.C.§ 1983 et seq., including monetary damages, punitive damages, attorneys' fees and all costs of bringing this action. The Plaintiff is further entitled to compensatory damages for damages resulting from the torts committed by the Defendants.

WHEREFORE PREMISES CONSIDERED, the Plaintiff, Donald E. Harris, prays for a judgement of, from, and against the Defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a jury, reasonable attorneys' fees, both pre and post judgement interest and for all such further relief, both general and specific, to which he may be entitled under the premises.

The Plaintiff respectfully demands a trial by jury on all issues so triable.

THIS, the 10th day of December, 2003.

Respectfully submitted,

MERKEL & COCKE
A Professional Association
Post Office Box 1388
Clarksdale, Mississippi 38614
(662) 627-9641
Attorneys for Plaintiff

By: _____
EDWARD P. CONNELL, JR., (MSB #10647)